**FILED**
**February 7, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **K.H.**

**No. 22-0408** (Putnam County 20-JA-71)

**MEMORANDUM DECISION**

Petitioner Mother M.H.[1] appeals the Circuit Court of Putnam County's April 4, 2022, order terminating her parental, guardianship, and custodial rights to K.H.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In September of 2020, the DHHR filed a petition alleging that petitioner's drug use impaired her ability to parent K.H. and that she placed the child in an unsafe living environment. The petition chronicled petitioner's criminal history dating back to her arrest in April of 2019 for possession of methamphetamine with intent to deliver and child neglect creating risk of injury, felony charges stemming from a traffic stop in which petitioner did not have K.H. secured in a child safety seat and allowed methamphetamine and marijuana within his reach.[3] Following that arrest, petitioner was admitted to multiple drug rehabilitation programs. In September of 2020, while petitioner was still in an inpatient rehabilitation facility, Child Protective Services ("CPS") received a report concerning K.H.'s absence from school, behavioral issues, and living environment. The caseworker found K.H. living in deplorable conditions with his maternal grandmother who, due to a previous assault on the child, was prohibited from contacting him as a condition of her probation. Lack of appropriate placement options resulted in K.H. being placed in foster care until October of 2020 when he was placed with petitioner at the inpatient rehabilitation facility.

---

[1]Petitioner appears by counsel Benjamin Freeman. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Brittany Ryers-Hindbaugh. Maggie J. Kuhl appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]During the resulting investigation, the caseworker also substantiated educational neglect on the child. That case was closed in March of 2020 after petitioner completed her treatment plan.

1

During the adjudicatory hearing in November of 2020, petitioner stipulated to the allegations in the petition. The court adjudicated petitioner as an abusing parent but approved K.H. remaining in her physical custody and ordered that no contact be permitted between K.H. and his grandmother.

In December of 2020, the court granted petitioner a post-adjudicatory improvement period.[4] By early January of 2021, the guardian filed a motion to revoke petitioner's improvement period, alleging that petitioner permitted then-seven-year-old K.H. to vape, lacked proper parenting skills to address the child's behavioral issues, and took the child to visit his maternal grandmother in violation of the no contact order. Although petitioner continued on her post-adjudicatory improvement period, K.H. was placed in foster care.

Thereafter, petitioner was admitted to another inpatient rehabilitation program, complied with service providers and her case plan, and had regular phone visitations with K.H. Resultantly, in July of 2021, the court extended petitioner's improvement period for an additional three months. Petitioner continued to make progress and started a new job, but, as she had yet to complete the inpatient rehabilitation program, she did not successfully complete the terms of her improvement period within the allotted timeframe. As such, the court terminated petitioner's post-adjudicatory improvement period in November of 2021 but granted her a post-dispositional improvement period. Thereafter, petitioner failed to attend her review hearing in February of 2022 at which the court noted her completion of the rehabilitation program but subsequent noncompliance. Specifically, petitioner lost her job, stopped participating in services or visitation, and behaved chaotically. Accordingly, the DHHR and the guardian moved to revoke petitioner's post-dispositional improvement period, and the court granted the motion.

Petitioner also failed to attend the dispositional hearing in March of 2022, attempting to evade an active capias. Upon the testimony and evidence submitted, the court found petitioner to be presently unwilling and/or unable to adequately provide for K.H.'s needs. The court further found that continuation in the home was not in the child's best interest, that continuity in care and caretakers was needed, and that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Accordingly, the circuit court terminated petitioner's parental, guardianship, and custodial rights to K.H.[5]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first argues that the circuit court erred in finding that she was unlikely to remedy her parenting deficiencies and that, with more time and continued services, she could have done so. We find no error. Under West Virginia Code § 49-4-

---

[4]The limited appendix record in this case does not contain a full list of the terms and conditions of petitioner's improvement period. However, it appears that she was required to participate in services, submit to a substance abuse rehabilitation program, continue visitation, and maintain gainful employment, among other requirements.

[5]All parents' parental, guardianship, and custodial rights have been terminated. The permanency plan is adoption in the current placement.

610(7), "[u]pon the motion by any party, the court shall terminate any improvement period . . . when the court finds that [the parent] has failed to fully participate in the terms of the improvement period." Here, the DHHR and the guardian moved to terminate petitioner's post-dispositional improvement period upon evidence that petitioner stopped participating in services and the proceedings. This evidence alone would be sufficient upon which to affirm the court's termination of petitioner's improvement period, but it is also important to note that West Virginia Code § 49-4-610(9) restricts a circuit court from granting an improvement period that would result in a child being in foster care "more than fifteen months of the most recent twenty-two months, unless the court finds compelling circumstances by clear and convincing evidence that it is in the child's best interests to extend the time limits." Here, K.H. had been in foster care for nearly fifteen months at the time of disposition. Given petitioner's clear noncompliance at the close of the case, additional time simply was not permitted, nor was it warranted. Accordingly, we find no error in the circuit court's termination of petitioner's post-dispositional improvement period.

For the same reasons noted above, petitioner also argues that the circuit court erred in terminating her parental rights, especially given that less-restrictive alternatives were available. We disagree as the same facts and evidence that support the circuit court's revocation of petitioner's improvement period also support termination of her parental rights. While it may be true that petitioner initially demonstrated compliance with the terms and conditions of her improvement periods, the fact remains that she later ceased complying with any services, failed to attend hearings, and was actively avoiding arrest at the time of disposition. Because the circuit court made the requisite findings based upon ample evidence to support termination of petitioner's parental rights, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 4, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn